UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X
TUDOR INSURANCE COMPANY,

                     Plaintiffs,                              CIVIL ACTION NO.:

               -against-

NY CITYWIDE GENERAL CONTRACTORS, INC., and    **COMPLAINT**
JULIA FRANQUI,

                    Defendants.

--------------------------------------------------------------------------------X

      Plaintiff, by and through its attorneys, Congdon, Flaherty, O'Callaghan, Reid, Donlon, Travis & Fishlinger, as and for its Complaint seeking a judgment declaring the legal rights, duties and obligations of the parties to this action, allege as follows:

### THE NATURE OF THIS ACTION

1.    This action is based upon the terms, conditions, provisions and exclusions of commercial lines insurance policy issued by TUDOR INSURANCE COMPANY ("TUDOR") to NY CITYWIDE GENERAL CONTRACTORS, INC., Policy no. NPP1373793 (hereinafter "Tudor Policy" or "Policy").

2.    TUDOR seeks a judicial declaration that rescinds the Tudor Policy due to NY CITYWIDE GENERAL CONTRACTORS, INC's ("NY CITYWIDE") fraud and material misrepresentations in its application for insurance and declares the policy void ab initio.

3.    TUDOR further seeks a declaration that there is no coverage in the underlying *Franqui* action since NY CITYWIDE'S work was outside of the classifications

set forth in the Tudor Policy, and because coverage is barred by policy exclusions and NY CITYWIDE'S failure to provide timely notice of the claim and law suit as required by the Policy.

## THE PARTIES

4.    TUDOR was and remains a foreign insurance company duly organized and existing under and by virtue of the laws of the New Hampshire and having its principal place of business located in Parsippany, New Jersey.

5.    TUDOR is incorporated in the State of New Hampshire and is a citizen of New Hampshire pursuant to 28 U.S.C. §1332 (c)(1).

6.    TUDOR'S principal place of business is 300 Kimball Drive, Suite 500, Parsippany, NJ 07054 and is a citizen of the State of New Jersey pursuant to 28 U.S.C. §1332 (c)(1).

7.    Upon information and belief, NY CITYWIDE was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York with a principal place of business at 88-21 Ashford Street, Queens Village, New York and as such is a citizen of the State of New York pursuant to 28 U.S.C. §1332 (c)(1).

8.    Upon information and belief, defendant JULIA FRANQUI was and still is a citizen of the State of New York residing 281 East 153RD ST., Apartment #2C, Bronx, NY 10451

9.    Defendant FRANQUI has been joined because her rights may be affected by the determination of this action.

## JURISDICTION AND VENUE

10.     This action is filed under and pursuant to the federal Declaratory Judgment Act,

28 U.S.C.§2201.

11.     An actual controversy of a justiciable nature exists between the parties as to

whether coverage should be afforded under the Tudor Policy and whether the

Tudor Policy should be rescinded and thereby deemed null and void.

12.     Jurisdiction of this Court over this action is invoked pursuant to 28 U.S.C. §

1332(a)(1). The matter in controversy exceeds, exclusive of interest and costs, the

sum of Seventy-Five Thousand Dollars ($75,000).

13.     There is complete diversity of citizenship between plaintiff and the defendants.

14.     Venue in this District is proper under 28 U.S.C. § 1391 (a) (1), (2) and (3) in that

the claims arose in this district.

15.     TUDOR is therefore entitled to bring this action in this Court.

## THE UNDERLYING FRANQUI ACTION

16.     Defendant JULIA FRANQUI commenced an action against NY CITYWIDE and

others by filing a summons and complaint in Supreme Court of the State of New

York, Bronx County, index no. 21998/2017E (hereinafter the "Franqui

Complaint" or "Franqui Action"). *Exhibit A.*

17.     The Franqui Complaint alleges that on March 18, 2014, the underlying plaintiff

was injured while working at 874 East 139th Street, Bronx, New York when she

fell due to a defective condition in the premises caused by defendants' negligence.

**THE TUDOR INSURANCE POLICY**

18.    The Tudor Policy issued to NY CITYWIDE provides coverage for "bodily injury," "property damage" and "personal and advertising injury" under Commercial General Liability Coverage Form (CG 00 01 12 07) as amended by endorsement CG 01 63 04 99 (New York Changes – Commercial General Liability Coverage Form).

19.    The Tudor Policy was effective 03/18/2014 to 03/18/2015.

20.    As the insured on the Tudor Policy, NY CITYWIDE was subject to all of the terms, conditions, provisions, endorsements and exclusions of the Policy which is fully incorporated by reference.

21.    The Tudor Policy had the Remodeler's Classification and Limitation Endorsement (CG 21 39 10 93), which provided:

*REMODELER'S CLASSIFICATION AND LIMITATION ENDORSEMENT*
*(CG 21 39 10 93)*

*This endorsement modifies insurance provided under the following:*

*COMMERCIAL GENERAL LIABILITY COVERAGE PART*

*A. Remodeler's Classifications:*

*1. Remodeling – Interior (W4002)*

*This classification applies only to those jobs done entirely on the inside of an existing building. The classification also includes the installation of windows and doors, and the painting or siding incidental to that. However, the classification will not apply to exterior painting, siding or the replacing, repair, or addition of gutters, chimneys, roofs, or foundations.*

*2. Remodeling – Exterior (W4001)*

*This classification applies only to those jobs also involving operations on the exterior of an existing building; such as build outs, dormers, siding, etc. It includes both the interior and exterior work involved in these jobs. Roofing work will be separately classified and rated.*

**B.   Roofing Limitation**

1.   *Roofing Done By You*

*If there is no roofing classification shown in the Declarations and it is determined at premium audit that roofing work was performed by you, the appropriate roofing classification will be added by endorsement and a premium charge determined using the rates in effect at the time.*

2.   *Roofing Done By Independent Contractors*

*This insurance does not apply to the replacement, repair, or addition of a roof by a contractor hired by you unless you have an applicable certificate of insurance from that contractor showing limits of insurance equal to the limits of insurance of this Commercial General Liability Coverage Part.*

**C.   Construction of New Dwellings and Buildings**

*If during the policy period you incur payroll or independent contractor cost in the construction of **new** dwellings or buildings, you will be reclassified and rated as a general contractor. This means classification: Contractors-Executive Supervisor, code 91580 will apply and the remodeler's classifications described above will not apply.*

**D.   Classification Limitation Endorsement, WW13**

*The Classification Limitation Endorsement, WW13 is deleted from this policy.*

22.   The Tudor Policy form (CG 00 01 12 07) had the Contractual Liability exclusion,

which provided in relevant part as follows:

**2.        Exclusions**

*This insurance does not apply to*

\*        \*        \*

**b.        Contractual Liability**

*"Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:*

*(1)     That the insured would have in the absence of the contract or agreement; or*

*(2)      Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.*

23.    The Tudor Policy had the Contractual Liability Limitation endorsement (CG 21 39 10 93), which provided in relevant part as follows:

***CONTRACTUAL LIABILITY LIMITATION (CG 21 39 10 93)***

*The definition of "insured contract" in the DEFINITIONS Section is replaced by the following:*

*"Insured contract" means*

*a.    A contract for the lease of premises. However, that portion of the contract for a lease of premises that indemnifies any person or organization for damage by fire to premises while rented to you or temporarily occupied by you with permission of the owner is not an "insured contract";*

*b.    A sidetrack agreement;*

*c.    Any easement or license agreement, except in connection with construction or demolition operations on or within 50 feet of a railroad;*

*d.    An obligation, as required by ordinance, to indemnify a municipality, except in connection with work for a municipality;*

*e.    An elevator maintenance agreement.*

24.    The Tudor Policy had the Independent Contractors Exclusion (WW 253 (01/97), which provided in relevant part as follows:

***INDEPENDENT CONTRACTORS EXCLUSION***

*This insurance does not apply to any claim arising out of the operations of any independent contractor or to any act or omission of any insured in the general supervision of such operations.*

25.     The Tudor Policy obligated the insured as a condition precedent to coverage to provide notice of an "occurrence" claim and suit as soon as practicable.   The Tudor policy provided:

*SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS*

\*          \*          \*

**2.      Duties In The Event Of Occurrence, Claim Or Suit.**

      **a.**      *You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:*

            **(1)**      *How, when and where the "occurrence" or offense took place;*

            **(2)**      *The names and addresses of any injured persons and witnesses; and*

            **(3)**      *The nature and location of any injury or damage arising out of the "occurrence" or offense.*

      **b.**      *If a claim is made or "suit" is brought against any insured, you must:*

            **(1)**      *Immediately record the specifics of the claim or "suit" and the date received; and*

            **(2)**      *Notify us as soon as practicable.*

      *You must see to it that we receive written notice of the claim or "suit" as soon as practicable.*

      **c.**      *You and any other involved insured must:*

      **(1)**      *Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";*

      **(2)**      *Authorize us to obtain records and other information;*

      **(3)**      *Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and*

      **(4)**      *Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.*

> **d.**     *No insureds will, except at their own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.*

## THE DISCLAIMER

26.     TUDOR has disclaimed coverage of NY CITYWIDE, but is providing NY CITYWIDE with a defense in the Franqui Action while Tudor pursued the judicial declaration that no coverage existed.

## AS AND FOR A FIRST CAUSE OF ACTION

27.     Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "26" as if set forth more fully herein.

28.     After plaintiff's accident occurred, NY CITYWIDE submitted an application for insurance to TUDOR.

29.     Notwithstanding that NY CITYWIDE had knowledge of the plaintiff's accident, NY CITYWIDE denied there were any losses within the last three years.

30.     NY CITYWIDE had the effective date of the coverage changed from 3/25/14 to 3/18/14 so that the coverage would be retroactively effective to the date of the accident.

31.     As a result of NY CITYWIDE's fraud and material misrepresentations, TUDOR is entitled to a declaration that the TUDOR Policy is void ab initio and is rescinded.

32.     By reason of the foregoing, TUDOR has no duty to defend and indemnify NY CITYWIDE in the Franqui Action and is entitled to a declaration rescinding the Policy.

33.    The defendant has compelled the Plaintiff to institute the within action to obtain a
       declaration of the parties' respective rights under the Tudor Policy.

34.    An actual controversy exists between the parties, requiring adjudication by this
       Court.

35.    Plaintiff has no adequate remedy at law.

## AS AND FOR A SECOND CAUSE OF ACTION

36.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs
       "1" through "35" as if set forth more fully herein.

37.    The Remodeler's Classification and Limitation Endorsement in the Tudor Policy
       is a complete bar to coverage for NY CITYWIDE in the Franqui Action.

38.    NY CITYWIDE's work at the accident location was outside of the Tudor Policy
       classifications.

39.    TUDOR has no obligation to defend or indemnify NY CITYWIDE in the Franqui
       Action.

40.    The defendant has compelled the Plaintiff to institute the within action to obtain a
       declaration of the parties' respective rights under the Tudor Policy.

41.    An actual controversy exists between the parties, requiring adjudication by this
       Court.

42.    Plaintiff has no adequate remedy at law.

## AS AND FOR A THIRD CAUSE OF ACTION

43.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "42" as if set forth more fully herein.

44.    The Independent Contractors Loss Exclusion in the Tudor Policy is a complete bar to coverage for NY CITYWIDE in the Franqui Action.

45.    TUDOR has no obligation to defend or indemnify NY CITYWIDE in the Franqui Action.

46.    The defendant has compelled the Plaintiff to institute the within action to obtain a declaration of the parties' respective rights under the Tudor Policy.

47.    An actual controversy exists between the parties, requiring adjudication by this Court.

48.    Plaintiff has no adequate remedy at law.

## AS AND FOR A FOURTH CAUSE OF ACTION

49.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "49" as if set forth more fully herein.

50.    The Contractual Liability Exclusion in the Tudor Policy is a complete bar to coverage for NY CITYWIDE for any claim for contractual indemnification in the Franqui Action.

51.    TUDOR has no obligation to defend or indemnify NY CITYWIDE against any claim for contractual indemnification in the Franqui Action.

52.    The defendant has compelled the Plaintiff to institute the within action to obtain a declaration of the parties' respective rights under the Tudor Policy.

53.    An actual controversy exists between the parties, requiring adjudication by this
       Court.

54.    Plaintiff has no adequate remedy at law.

## AS AND FOR A FIFTH CAUSE OF ACTION

55.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs
       "1" through "54" as if set forth more fully herein.

56.    NY CITYWIDE breached its obligation to provide timely notice of the
       "occurrence" claim and suit.

57.    As a result of NY CITYWIDE's breach, TUDOR has been prejudiced.

58.    TUDOR has no obligation to defend or indemnify NY CITYWIDE in the Franqui
       Action.

59.    The defendant has compelled the Plaintiff to institute the within action to obtain a
       declaration of the parties' respective rights under the Tudor Policy.

60.    An actual controversy exists between the parties, requiring adjudication by this
       Court.

61.    Plaintiff has no adequate remedy at law.

       WHEREFORE, the plaintiff TUDOR respectfully requests that a declaratory
judgment be made and entered herein, adjudging and declaring that Tudor Policy is
rescinded ab initio; that coverage under the Tudor Policy is barred by policy exclusions
and late notice and that TUDOR is not obligated to defend and indemnify NY
CITYWIDE under the Tudor Policy for the claims and allegations in the Franqui Action,

together with such other and further relief as this Court may deem just and proper.

Dated: Uniondale, NY
      May 8, 2018

                  Yours, etc,

                  CONGDON, FLAHERTY, O'CALLAGHAN, REID,
                  DONLON, TRAVIS & FISHLINGER

                  BY: _____
                        RICHARD J. NICOLELLO
                  Attorneys for Plaintiff
                  333 Earle Ovington Blvd. – Suite 502
                  Uniondale, NY  11533
                  (516)  542-5900

# EXHIBIT A

INDEX NO. 21998/2017E

NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 03/13/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------------X
JULIA FRANQUI,                                                                                Index No.:

                                                     Plaintiff,                               Date Purchased:

              vs.                                                                             Plaintiff designate
                                                                                              Bronx County
                                                                                              as the place of trial
NY CITYWIDE CONTRACTORS HOME IMPROVEMENT, INC.,
NY CITYWIDE GENERAL CONTRACTORS, INC.,
XYZ COMPANY or CORP. 1-5 and/or JOHN DOES 1-5,                                                **SUMMONS**
(fictitious names herein after fully described),

                                                                                              The plaintiff designates
                                                     Defendants.                              venue based on plaintiff's
-------------------------------------------------------------------------------X              residence
**To the above named Defendants:**

              **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve
a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive
of the day of service (or within 30 days after the service is complete if this summons is not
personally delivered to you within the State of New York); and in case of your failure to appear or
answer, judgment will be taken against you by default for the relief demanded herein.

Dated:       Bronx, New York
             March 8, 2017

                                          Yours, etc.,
                                          **PARK & NGUYEN**
                                          *Attorneys for Plaintiff*


                                          *By:*
                                                    **John S. Park, Esq.**
                                          Office & P.O. Address:
                                          1809 Paulding Avenue, 2nd Fl.
                                          Bronx, New York 10462
                                          Tel: (718) 892-9500


Defendants' Address:

NY Citywide Contractors Home Improvement, Inc. - 88-41 Ashford St, Queens Village, NY 11427
NY Citywide General Contractors, Inc. – 88-41 Ashford St, Queens Village, NY 11427

The relief sought is: Monetary Damages
The nature of this action is: Personal Injury/Negligence

FILED: BRONX COUNTY CLERK 03/13/2017 01:16 PM

NYSCEF DOC. NO. 1

INDEX NO. 21998/2017E

RECEIVED NYSCEF: 03/13/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
--------------------------------------------------------------------------------X
JULIA FRANQUI,

                                 Plaintiff,                        Index No.:

               -against-                                **VERIFIED**
                                                          **COMPLAINT**
NY CITYWIDE CONTRACTORS HOME IMPROVEMENT, INC.,
NY CITYWIDE GENERAL CONTRACTORS, INC.,
XYZ COMPANY or CORP. 1-5 and/or JOHN DOES 1-5,
(fictitious names herein after fully described),

                                  Defendants.
--------------------------------------------------------------------------------X

        Plaintiff, JULIA FRANQUI, complaining of the defendants herein, by her attorneys,

**PARK & NGUYEN**, respectfully allege as follows:

        1.       That at all times herein mentioned, plaintiff is and at all times was a resident of

the County of Bronx, City and State of New York.

        2.       Upon information and belief, and at all times herein mentioned, defendant, NY

CITYWIDE CONTRACTORS HOME IMPROVEMENT, INC. (hereinafter referred to as "NY

CITYWIDE") was a domestic business corporation or company, authorized to do business in the

State of New York and whose principal place of business is 88-41 Ashford Street, Queens

Village, New York 11427.

        3.       Upon information and belief, and at all times herein mentioned, defendant, NY

CITYWIDE GENERAL CONTRACTORS, INC. (hereinafter referred to as "CITYWIDE") was

a domestic business corporation, authorized to do business in the State of New York and whose

principal place of business is 88-41 Ashford Street, Queens Village, New York 11427.

        4.       On or about March 18, 2014 and for some time prior thereto defendants, XYZ

COMPANY or CORP. 1-5 and/or JOHN DOES 1-5 are fictitious designations, representing one

or more individual(s), sole proprietorship(s), association(s), limited partnership(s), general

FILED: BRONX COUNTY CLERK 03/13/2017 01:16 PM
INDEX NO. 21998/2017E
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 03/13/2017

partnership(s), limited liability company(ies) and/or corporation(s) were agents, employees, contractors and/or subcontractors hired to perform construction and/or repair work at Carnegie Cleaners place of business located at 874 East 139th Street, Bronx, New York 10454 (hereinafter referred to as "the Premises").

5.      That on March 18, 2014 the defendants, NY CITYWIDE was hired and contracted to perform construction and/or repair work in the back washroom of the premises.

6.      That on March 18, 2014 the defendants, CITYWIDE was hired and contracted to perform construction and/or repair work in the back washroom of the premises.

7.      That on March 18, 2014 defendant, NY CITYWIDE managed, controlled and maintained the construction area in the back washroom of the Premises.

8.      That on March 18, 2014 defendant, CITYWIDE managed, controlled and maintained the construction area in the back washroom of the Premises.

9.      Upon information and belief, and at all times herein after mentioned, defendant, NY CITYWIDE was charged with the duty of keeping the Premises and more specifically the back wash room in a reasonably safe condition free from construction defects, traps and open passages constituting a danger and menace to all persons lawfully and properly walking along and upon the aforesaid premises.

10.      Upon information and belief, and at all times herein after mentioned, defendant, CITYWIDE was charged with the duty of keeping the Premises and more specifically the back wash room in a reasonably safe condition free from construction defects, traps and open passages constituting a danger and menace to all persons lawfully and properly walking along and upon the aforesaid premises.

FILED: BRONX COUNTY CLERK 03/13/2017 01:16 PM INDEX NO. 21998/2017E

NYSCEF DOC. NO. 1                                          RECEIVED NYSCEF: 03/13/2017

11.    That sometime before March 18, 2014, defendants, XYZ COMPANY or CORP. 1-5 and/or JOHN DOES 1-5 was hired and contracted to perform construction and/or repair work in the back wash room of the Premises.

12.    That sometime before March 18, 2014, defendants, NY CITYWIDE, CITYWIDE, XYZ COMPANY or CORP. 1-5 and/or JOHN DOES 1-5 in connection with its contract, was performing construction or repair work in the back wash room of the Premises. As a result therein, there was an open hole and uncovered gutter or drain creating a dangerous and defective condition.

13.    That prior to and including the day of March 18, 2014, defendants failed to install grates, failed to barricade said area and failed to post warning signs alerting invitees such as plaintiff of the existing dangerous and defective condition.

14.    That on the day of March 18, 2014, plaintiff, JULIA FRANQUI an employee of Carnegie Linen Service, was caused to fall due to the aforementioned dangerous and defective condition on the Premises.

15.    As a result of the foregoing, plaintiff sustained severe personal injuries.

16.    The aforesaid occurrence was caused by the negligence of defendants, their agents, servants and employees, in creating the aforesaid condition; in permitting the aforesaid condition to exist despite actual or constructive notice; in failing to adequately warn against the existence of the aforesaid condition despite actual or constructive notice; in failing to make proper and timely inspections of the premises; in failing to provide safe walking conditions and safe passageway for persons allowed on and invited to use the aforesaid premises; and otherwise in failing to exercise due care under the circumstances.

17.    That at all times herein mentioned, plaintiff did not contribute to the happening of the accident nor to her injuries sustained.

FILED: BRONX COUNTY CLERK 03/13/2017 01:16 PM
NYSCEF DOC. NO. 1

INDEX NO. 21998/2017E
RECEIVED NYSCEF: 03/13/2017

18.    That as a result of the foregoing, plaintiff sustained injuries to her leg and hip, and other parts of her body and has been caused to suffer physical pain and mental anguish, which has caused her to seek medical care, aid and attention.

19.    That the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**WHEREFORE,** plaintiff demands judgment against all defendants individually, jointly and severally in an amount to be determined upon trial of this action together with costs and disbursements of this action.

Dated: March 8, 2017
       Bronx, New York

Yours, etc.
**PARK & NGUYEN**

By: _____

_John S. Park, Esq._
*Attorneys for Plaintiff*
1809 Paulding Avenue, 2nd Floor
Bronx, New York 10462
(718) 892-9500

FILED: BRONX COUNTY CLERK 03/13/2017 01:16 PM

NYSCEF DOC. NO. 1

INDEX NO. 21998/2017E

RECEIVED NYSCEF: 03/13/2017

## VERIFICATION

STATE OF NEW YORK )

               :ss:

COUNTY OF BRONX   )


JULIA FRANQUI being duly sworn, deposes and says: that I am one of the plaintiff herein; that I have read the foregoing SUMMONS & VERIFIED COMPLAINT and know the contents thereof; that same being true to my knowledge, except those matters which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_____
JULIA FRANQUI

Sworn to before me this
___ day of March_____, 2017

_____
NOTARY PUBLIC

JULIA GARCIA
Commissioner of Deeds  City of New York
No. 1-7009
Cert. Filed in New York County
Commission Expires 04-01-2017

FILED: BRONX COUNTY CLERK 03/13/2017 01:16 PM          INDEX NO. 21998/2017E

NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 03/13/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------X

JULIA FRANQUI,                                        Index No.:

                              Plaintiff,

           -against-

NY CITYWIDE CONTRACTORS HOME IMPROVEMENT, INC.,
NY CITYWIDE GENERAL CONTRACTORS, INC.,
XYZ COMPANY or CORP. 1-5 and/or JOHN DOES 1-5
(fictitious names herein after fully described),

                              Defendants.
-------------------------------------------------------------------------X

## SUMMONS & VERIFIED COMPLAINT

John S. Park, Esq.
Law Offices of
**PARK & NGUYEN**
Attorneys for Plaintiff(s)
1809 Paulding Avenue
Bronx, New York 10462
Tel: (718) 892-9500 / Fax: (718) 892-4666